## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:

David Edward Steen,

        Debtor.

Bankr. No.:   20-40893
Chapter 7 Case

_____

Randall L. Seaver, Trustee,

        Plaintiff,

vs.

United States Bank, N.A.,

        Defendant.

Adv. Case No.: 20-_____

**ADVERSARY COMPLAINT**

_____

Randall L. Seaver, Trustee ("**Plaintiff**") of the bankruptcy estate of David Edward Steen, ("**Debtor**"), as and for his Complaint against Defendant United States Bank, N.A. ("**Defendant**"), states and alleges as follows:

1.      Plaintiff is the duly appointed Chapter 7 Trustee of the bankruptcy estate of the Debtor.

2.      This bankruptcy case was commenced on March 27, 2020 by the filing of a voluntary Chapter 7 Petition ("**Filing Date**") and the case remains pending in this Court.

3.      Defendant is a national banking association with its principal place of business being 800 Nicollet Mall Minneapolis, MN 55402.

4.      Within 90 days of the commencement of this case, Debtor paid Defendant, pursuant to an antecedent debt, the sum of $21,000.00 by way of at least 4 payments made during said

period. These payments, together with any other payments made to Defendant by Debtor, which are not yet known, in the 90 days before the commencement of this case, are the "**Transfers**."

5. The Transfers were derived from bank accounts used, in whole or in part for the Debtor's personal purposes.

6. Debtor is presumed to have been insolvent at the time of the Transfers pursuant to 11 U.S.C. §547(f).

## STATEMENT OF JURISDICTION AND VENUE

7. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157(a) and 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (F).

8. The Plaintiff consents to entry of final orders or judgment by the bankruptcy court.

9. This is an adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure that relates to the above-captioned bankruptcy case. The bankruptcy case is pending in this district before this Court.

10. Venue properly lies in this judicial district as this is a proceeding related to a case under Title 11 of the United States Code pending before this Court.

## COUNT I – PREFERENCE UNDER 11 U.S.C. §547

11. The Plaintiff restates and re-alleges the foregoing paragraphs of this Complaint.

12. During the 90 days prior to the commencement of this Chapter 7 case Defendant received the Transfers.

13. At the time of the Transfers, Defendant was a creditor of the Debtor.

14. The Transfers were transfers of the Debtor's interest in property.

15. The Transfers were for, or on account of, an antecedent debt owed by Debtor to Defendant.

16. Debtor was insolvent at the time of the Transfers.

17. The Transfers enabled Defendant to recover more than it would receive as a creditor in this Chapter 7 case.

18. None of the exceptions to the Plaintiff's avoidance powers set forth in 11 U.S.C. §547(c) apply in this proceeding.

19. Any "new value" provided by Defendant was paid by a third party and, accordingly, Defendant does not possess a new value defense.

20. Pursuant to 11 U.S.C. §547(b), the Transfers are avoidable.

21. Pursuant to 11 U.S.C. §550(a), Plaintiff may recover from Defendant the Transfers together with interest.

## COUNT II - OBJECTION TO CLAIM

22. Plaintiff re-alleges the forgoing paragraphs of this Complaint.

23. Plaintiff objects to any claim asserted by Defendant in this case until such time as Defendant makes the bankruptcy estate whole pursuant to 11 U.S.C. §502(d). Plaintiff requests that any claim filed by Defendant be disallowed in its entirety.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order and Judgment against the Defendants as follows:

1. Pursuant to Count I, avoiding the Transfers, and awarding a judgment in favor of Plaintiff in the amount of the Transfers proven at trial together with interest thereon.

2. Pursuant to Count II, disallowing any claim number filed by Defendant in this bankruptcy case in its entirety.

3. Granting Plaintiff such other relief as the Court deems just and equitable in the premises.

**MORRISON SUND PLLC**

Dated: July 13, 2020
*/e/ Matthew R. Burton*
Matthew R. Burton (210018)
5125 County Road 101, Suite 200
Minnetonka, MN 55345
P: (952) 975-0050; F: (952) 975-0058
E: mburton@morrisonsund.com

***ATTORNEYS FOR PLAINTIFF***